Tilghman C. J;
On a habeas corpus depending before the *331 Court of Common Pleas of Philadelphia county, the court ordered an issue to try whether a certain Edward Simmons had a right to hold Shepherd Graham by virtue of an indenture of apprenticeship, whereby the said Shepherd was bound to the said' Simmons, untilhe attained the age of fifteen years, to be instructed in the art of a chimney sweeper. A verdict was given in favour of Simmons, which was set aside by the court, and a new trial ordered. On the second trial the j ury found against Simmons, but a bill of exceptions was taken to the' charge of the president of the court. . In' order to understand the exceptions, it is necessary to state a few of the leading circumstances of the evidence. The indenture was executed by the boy and his mother, in presence of a justice of the peace of the county of Philadelphia, where the parties resided. Both mother and child were negroes, as also was the father, who., at the time of the execution of the indenture, was a slave belonging to a person in the state of Delaware. After the apprentice had been some time with his muster, he was permitted to go home to his mother, with whom- he lived about fourteen months, when 'she died. There was evidence that the mother had agreed to pay Simmons 100 dollars, and it was contended on the trial, that the indenture was vacated by the consent of master, mother, and apprentice. This was the turning point of the cause, and the judge submitted it to the jury as a matter of fact, with an intimation of his own opinion, that the indenture was cancelled.
I will now proceed to the consideration of the several errors which have been assigned.
1. The first has been abandoned'.
2. The second is, that, the court had no fight to order a new trial. The habeas corpus act authorises the court to decide both fact and law; but it has been the practice in the Common Pleas, to direct an issue for trial of facts in doubtful cases. The right to order an issue is not denied, but it is said, that when an issue is ordered, the court have.parted with all their power over the facts. It is true, they have so far parted with their power, that they cannot themselves decide the fact. But they still retain their superintending authority over the verdict. This authority is incident to the trial by jury, by the principles of the common law, where the trial is in a court of record of general jurisdiction, such'as the Court of Common Pleas. Cases analogous to the present *332 have frequently occurred.. In equity, when the chancellor directs an issue to decide a doubtful fact, a new trial may be granted, if the verdict is not satisfactory. And among us, a verdict on an issue from the Register’s Court, in a testamentary matter, may be set aside by the court before whom the issue is tried. In short, the perfection of trial by jury cannot be attained, if the. right to order a new trial is taken away. The counsel for the plaintiff in error has not shewn a vestige of authority in support of this exception, and I am clearly of opinion that both principle and practice are against him.
3 and 4. The third and fourth exceptions will be best considered together. The judge told the jury, that whether the indenture was vacated by the consent of all parties, was matter of fact, which he submitted to their decision that it could not be vacated without the consent of the apprentice, but that the approbation of a justice of the peace was not necessary. In all this I agree with him. We have an act of assembly, 11th April, 1799, (4 Dall. Laws, 475,) directing the manner in which an apprentice may be assigned, and another act, 29th September, 1770, (1 Dall. Laws, 540,) authorising the Court of Quarter Sessions to discharge the apprentice in case of ill treatment by his master. But there is no act respecting the manner in which an indenture may be annulled by consent of parties ; so that, on that point, we are left to the principles of the common law. To say, that the parties to a contract may not annul it, is contrary to all prinple and all Convenience; and, if such were the law, it would bear particularly hard upon the apprentice. It is often discovered, after a young, man is bound, that his parents have mistaken his genius; and not unfrequently his constitution proves unequal to the business in which he is engaged. When all parties perceive this, and are desirous ofannülling the contract, why should they not be permitted to do it f It is objected that-the-minor maybe unable to form a good judgment: But surely he must be as able to judge as he was when he bound himself, and more so, because he is older; and it requires no more understanding to judge of the dissolution, than of the making of a contract. Besides, the minor has the assistance and protection of his parent or guardian, whose consent is necessary for the annulling of the indenture. In a.word, I can perceive nothing which excepts *333 this case from the general maxim, “ that contracts may be “ dissolved by the consent of the parties.”
5. The fifth exception has often been over-ruled by this Court. It amounts to no more than this; that the judge mistook the evidence, and misled the jury by his remai'ks on it. We are not a court for the correction of such an error, if it existed. We have nothing to do with any errors but those of law. It is but justice, however, to say, that in this case the judge did not mislead the jury, by concealing from them the extent of their jurisdiction. On the contrary, he told them expressly, that whether the indenture was intended to be surrendered by the master, was a fact for their decision. On the whole, I am of opinion, that the plaintiff in error has failed in all his exceptions, and therefore the judgment should be affirmed.
Ye ates J.
I cannot bring myself to doubt for a single moment, the inherent power of the court who has directed an issue in a civil case, to award a new trial. We are bound to presume, that in all such instances, they have exercised a sound discretion; and it has been repeatedly decided in this Court, and the courts of our sister states, as well as in the Supreme Court of the United States, that the propriety of granting or refusing a new trial in a ciyil case, cannot be examined in a superior court on a writ of error. The arguments urged by the counsel of the plaintiff in error to reverse this judgment, might properly be addressed to the jury who tried the cause, or to the Court of Common Pleas on a motion for a new trial, but with a court of error they can have no weight.
I am opinion, that judgment below should be affirmed.
Brack.enk.idge J. gave no opinion, having been sitting at Nisi Prius during the argument.
Judgment affirmed.